[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Richard E. Stein commenced this action for a "Declaratory Judgment To Quiet Title" on certain property in Westport against Donna E. Hillebrand and David Stein by a complaint returnable to the Superior Court for the Judicial District of Stamford/Norwalk at Stamford on August 31, 1993. The defendant, Dona E. Hillebrand filed her Answer on or about October 26, 1993, and the defendant, David Stein was defaulted on December 9, 1993 for his failure to appear.
In 1977, the plaintiff and his brother David Stein acquired title to the Westport property as tenants in common. The defendant, Donna E. Hillebrand is the former wife of David Stein, having been granted a decree of dissolution of marriage on December 1, 1982. The judgment of dissolution was entered in Case No. FA81-0053616S, Judicial District of Stamford/Norwalk at Stamford, David Stein v. Donna E. Stein. Donna E. Stein subsequently changed her name back to her maiden name, Hillebrand.
It is undisputed that Richard Stein was present in court on December 1, 1982, as an observer, during the above referred to divorce hearing. The court announced from the bench the terms of the dissolution judgment, later incorporated into a written decision, dated February 15, 1983. The court ordered David to pay Donna $1,400.00 monthly as unallocated alimony and support until March 1, 1998, at which time the alimony obligation may be reviewed. The court ordered David to mortgage his one-half interest in the Westport property as security for the alimony and support payments. The judge, in open court, asked Richard if he consented to the mortgage being placed on the Westport property and CT Page 1357-X he responded affirmatively. Richard, who was not a party to the action, now claims that he was totally unaware of the circumstances and effect of the mortgage.
Pursuant to the order of the court, on April 9, 1984, the defendant, David Stein executed a mortgage deed to Donna, which was recorded in the Westport Land Records on April 16, 1984.
In 1985, David filed a post judgment motion seeking to substitute security in lieu of the mortgage. The court ruled on the motion on December 16, 1985. However, no security was substituted for the mortgage.
On June 16, 1987, David sold his one-half interest in the Westport property to the plaintiff, Richard, for fair market value. Richard now owns the entire fee to the property, subject to Donna's mortgage on David's prior one-half interest.
The plaintiff seeks a declaratory judgment determining that the mortgage deed in question is invalid and therefore discharged.
Plaintiff's Post Trial Brief further claims that the mortgage on the Westport property should be declared void because it violates Connecticut General Statutes § 52-350 et seq. in that it purports to secure sums becoming due and payable in connection with a Family Support Judgment. Section 52-350 et seq. has to do with postjudgment procedures and does not preclude the granting of a mortgage to secure the payment of alimony and support payments.
The plaintiff alleges that neither the monetary amount nor the time limit of David's obligation can be determined from the language of the mortgage deed. The operative provision in the mortgage deed reads as follows:
 "The Grantor David Stein is obligated to pay unallocated alimony and child support to the Grantee herein pursuant to the provisions of Paragraph 3 of the certain Judgment entered in Case No. FA-81-0053616S entitled District of Stamford/Norwalk, at Stamford, Dated December 1, 1982 and in the event of any default in the payment of any installment of unallocated alimony and child support by David Stein to the Grantee after the due date thereof, or in the event of any default in the performance of any conditions or obligations of this mortgage, then at the option of the Grantee, this mortgage may then be CT Page 1357-Y foreclosed."
The issue raised by the pleadings, then, is whether this language is sufficiently definite under applicable law to withstand Richard's claim that the mortgage is invalid.
The court finds that the mortgage clause provides adequate , information from which the details of the debt can be ascertained and therefore finds that the mortgage is valid.
There is no question that the mortgage deed does not contain the amount of the obligation. The amount of the debt is the dollar value of the obligation secured, to the extent that it can be ascertained at the time the mortgage is executed. If the debt cannot be definitively ascertained at that time, such data must be set out with respect to that debt as will put anyone interested in the inquiry upon a track leading to discovery. ConnecticutNational Bank v. Esposito, 210 Conn. 221, 228.
The date of the obligation is the date of the judgment, December 1, 1982. The mortgage specifically refers to the docket number and the court location. The referred to judgment provides information concerning the potential amount of the debt, $1,400.00 per month and the potential term of the obligation, December 1, 1982, to March 1, 1998, subject to review at that time.
 "Moreover, the mortgage deed is not invalid simply because it purports to secure a "performance" instead of a stated monetary obligation. The condition of a mortgage may be the payment of a debt, the indemnity of a surety, or the doing or not doing any other act." Devlin v. Wiener, 232 Conn. 550, 557.
In Devlin v. Wiener, supra, the mortgage deed stated that the secured obligation was set forth in a certain purchase and sale agreement and that the agreement was on file at the office of the attorney for the original purchaser. The purchaser's successor challenged the validity of the mortgage, claiming that the mortgage and obligation purportedly secured were insufficiently definite. The trial court found that the mortgage was valid, and the Supreme Court affirmed.
 "We initially note that we will not declare the mortgage deed invalid, as the named defendant urges us to do, simply because the deed itself lacks a statement of the CT Page 1357-Z specific amount of the debt secured. As in Esposito, the deed in the present case omits "documents that contain important details about the obligation but the existence of which documents [is] expressly referred to in the recorded mortgage deed. The mortgage deed does not affirmatively misidentify the characteristics of the obligation, thus leading a title searcher to believe that the obligation is something that it is not, nor does the omission of the documents leave a title searcher without any indication of the obligation's nature or without a reasonable direction to discover the terms of the mortgage." Devlin v. Wiener,
supra at 556.
In order for a mortgage to prevail over the claim of a third party lien creditor, our case law has consistently affirmed the principal that the mortgage deed must provide, on its face, "reasonable notice" of the obligation it purports to secure Dart Bogue Co. v. Slosberg, 202 Conn. 566, 578 (1987).
In this case, the plaintiff, Richard Stein was in court at the time the mortgage provision was announced by the Court and he consented to the granting of the mortgage. Richard Stein took a Quit Claim Deed from his brother David knowing full well the terms of the mortgage. The plaintiff took title to the Westport property subject to the mortgage.
Judgment shall enter for the defendant, Donna E. Hillebrand.
Dated at Stamford, Connecticut, this 28th day of February, 1996.
RICHARD J. TOBIN, JUDGE